**In re: Kenneth R. OLSON, Contemnor—Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Betty Jo Friese and Dean Anthony Friese, Defendants— Appellants.**

**No. 05–30412.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2006.*

Filed Sept. 19, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Lori Harper Suek, Esq., USGF—Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Daniel Donovan, Esq., Thompson Potts & Donovan, P.C., Great Falls, MT, for Contemnor–Appellant.

Kenneth R. Olson, Esq., Olson Law Office, Great Falls, MT, for Defendants–Appellants.

Before: HAWKINS, SILVERMAN, and GOULD, Circuit Judges.

### MEMORANDUM **

Kenneth R. Olson ("Olson") appeals the district court's imposition of a $50 fine for contempt of court. We reverse.

As counsel for defendants Betty and Dean Friese ("the Frieses"), Olson had to attend a change-of-plea hearing on June 22, 2005, at 2:30 p.m. Five days before the

---

** This disposition is not appropriate for publication and may not be cited to or by the

Frieses' hearing date, Olson took on a new client, who had a hearing in state court the same day. Olson filed an original and an amended motion to reschedule the Frieses' hearing, which were denied. Olson then arranged to attend the state-court hearing at 1:00 p.m. through a video teleconference at the federal courthouse. Olson's experience led him to believe that the state-court hearing would be quick, leaving plenty of time to arrive at the Frieses' hearing on time. The state-court hearing ran longer than Olson expected, and he arrived at the Frieses' hearing approximately a half hour late, by which time the district court had already ordered a contempt hearing to be held regarding Olson's tardiness. After the contempt hearing, the district court found Olson to be in "civil contempt" and fined him $50.

■ Despite the use of the phrase "civil contempt," the district court also described the fine as a "sanction" for Olson's contempt, making the contempt finding criminal in nature. *See United States v. Rylander*, 714 F.2d 996, 1001 (9th Cir. 1983) (punishment for civil contempt is coercive or compensatory, for criminal contempt, punitive). Even if the sanction was meant not only to punish the violation of the relevant order but also to inspire compliance with future orders, the citation is treated as if it were wholly criminal in nature. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 779–80 (9th Cir.1983).

■ For there to be sufficient evidence of criminal contempt, the record must reveal, in the light most favorable to the citation, that Olson willfully violated the order to attend the hearing beyond a reasonable doubt. *See Fed. Trade Comm'n v.*

courts of this circuit except as provided by 9th Cir. R. 36–3.

*Am. Nat. Cellular*, 868 F.2d 315, 320–21 (9th Cir.1989). The record shows quite the opposite: Olson took reasonable measures in an attempt to be at the Frieses' hearing on time. Violations caused by unexpected, even if foreseeable, circumstances do not form proper grounds for a criminal contempt citation. *Falstaff*, 702 F.2d at 782 (willful, in the context of contempt, means "deliberate or intended," not "accidental, inadvertent or negligent").

REVERSED.